# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| IN RE HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION | Case No. 09md2087 BTM (AJB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION TO FILE UNDER SEAL PORTIONS OF THE COURT'S JULY 12, 2011 ORDER** |
|---|---|

Defendant Kerr Investment Holding Corp. f/k/a Iovate Health Sciences Group Inc. ("Defendant") has filed an ex parte application to file under seal certain portions of the Court's July 12, 2011 Order Denying Defendant's Motion to Dismiss for Lack of Personal Jurisdiction ("Order"). Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. GOVERNING LAW

The courts in this country recognize a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). Unless a court record falls within the limited category of records "traditionally kept secret," a "strong presumption in favor of access is the starting point." Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). The strong presumption of access to judicial records applies fully to discovery documents attached to dispositive motions. San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1102 (9th

Cir. 1999).

The party seeking to seal a judicial record bears the burden of overcoming this strong presumption by articulating compelling reasons supported by specific factual findings. <u>Foltz v. State Farm Mutual Auto. Ins. Co.</u>, 331 F.3d 1122, 1135 (9th Cir. 2003). As explained by the Ninth Circuit:

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. <u>Nixon</u>, 435 U.S. at 598, 98 S.Ct. 1306; <u>accord</u> <u>Valley Broadcasting Co.</u>, 798 F.2d at 1294.

<u>Kamakana</u>, 447 F.3d at 1172. "[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." <u>Nixon</u>, 435 U.S. at 598. However, "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. <u>Kamakana</u>, 447 F.3d at 1172.

## II. DISCUSSION

Defendant seeks to file under seal the following portions of the Court's Order: 5:14, 7:13-16, 8:13-17, 8:25-27, 9:3-10, 12:2-3, 15:19-21, 15:24-26, 22:7-9, 22:25-28, 23:16-18, 28:13-14, and 29:4-5.

The Court **GRANTS** the motion to seal as to the following portions of the Order:

• 7:13-16 & 28:13-14 reveal detailed financial information about Iovate Health Sciences U.S.A., Inc.

• 8:15-17, 15:19-21, 15:24-26, and 22:26-28 reveal information that was provided on tax returns.

• 9:3-10 provides detailed information about a profit-sharing plan and the compensation of Gardiner.

• 12:2-3 reveals pricing information of a retailer.

1 | The Court finds that this information either constitutes confidential tax return information
2 | under 26 U.S.C. § 6103 or is private financial information of competitive value.

Defendant's request to seal the remaining portions of the Order is **DENIED**.

### III.  CONCLUSION

Defendant's ex parte application [Doc. No. 842] is **GRANTED IN PART** and **DENIED IN PART** as detailed above.  The Court shall file a redacted version of the July 12, 2011 Order on the public docket.

**IT IS SO ORDERED.**

DATED:  August 24, 2011

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge