# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION | CASE NO. 09md2087 BTM (KSC) |
| ANDREW DREMAK, on Behalf of Himself, All Others Similarly Situated and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>IOVATE HEALTH SCIENCES GROUP, INC., et al.,<br><br>Defendants. | CASE NO.  09cv1088 BTM(KSC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH DEPOSITION SUBPOENA** |

Objectors Sasha McBean and Tim Blanchard ("Objectors"), as well as their attorney Darrell Palmer, have moved to quash deposition subpoenas served on them by Co-Lead Class Counsel.  On April 23, 2013, the Court entertained oral argument on the motion to quash.  For the reasons discussed below, the motion to quash is **GRANTED IN PART** and **DENIED IN PART**.

As discussed at the hearing, the Court **GRANTS** the motion to quash with respect to the subpoena directed to attorney Darrell Palmer.  The Court does not believe that it would be productive or appropriate for Class Counsel to conduct discovery on Mr. Palmer.

The Court takes a different view with respect to the Objectors themselves.  The Objectors are not just absent class members, but, rather, have inserted themselves in the

litigation by filing objections. Under Rule 26(b), discovery of non-privileged material is permissible if is it "relevant to the claim or defense of any party" and "appears reasonably calculated to lead to the discovery of admissible evidence." The Court concludes that some of the information sought from Objectors by Class Counsel is relevant to the settlement issues before the Court. See In re Cathode Ray Tube (CRT) Antitrust Lit., 281 F.R.D. 531, 533 (N.D. Cal. 2012) (holding that discovery sought from objectors was relevant to the settlement pending before the court).

Because Mr. Palmer is what some courts call a "serial" or "professional" objector and has represented objectors in numerous cases, Ms. McBean and Mr. Blanchard have filed objections in other cases, there is a question whether Ms. McBean resides at the address used on the claim form, and the claim form provides no factual information regarding class membership, Class Counsel's concern regarding the standing of Ms. McBean and Mr. Blanchard is justified. In order to establish whether the Objectors are indeed class members and have standing, the Court will allow an evidentiary hearing on the issue.

The Court will also allow limited discovery on the issue of intent and motive of the Objectors. The Court is not of the opinion that motive directly relates to the merits of the objections. See, e.g., In re Paper Antitrust Lit., 751 F.2d 562, 587 (3d Cir. 1984) ("We fail to see how motives of the objectors . . . would make any fact of consequence to the determination of reasonable fees more or less probable.") However, motive and intent may have bearing on the issue of the Objectors' credibility with respect to the issue of standing.

Accordingly, the Court orders that the Objectors appear for an evidentiary hearing on **May 29, 2013 at 11:00 a.m.** If Mr. Blanchard wishes to appear via video conference, Mr. Palmer should coordinate with the Court to make the appropriate arrangements. At the hearing, Class Counsel may ask the Objectors questions regarding standing – e.g., what Hydroxycut product was purchased, when it was purchased, where it was purchased, etc. Objectors may also ask questions regarding objections made by the Objectors in other cases within the past five years, rulings made regarding the objections, and any monetary compensation received by the Objectors in connection with the objections.

Objectors are ordered to produce the following documents to Blood Hurst & O'Reardon, LLP on or before **May 22, 2013**:

1. All documents evidencing a purchase of a Hydroxycut product between May 9, 2006 and May 1, 2009.

2. All documents relating to any objection filed by Ms. McBean or Mr. Blanchard in any class action proceeding within the last five years.

3. All documents relating to monetary compensation received by Ms. McBean or Mr. Blanchard in connection with any objection filed within the past five years.

At the same time as production of the documents, Objectors shall provide a privilege log identifying all documents to which they claim any privilege or work product protection. The privilege log must describe the nature of the documents, communications, or tangible things and provide sufficient information to enable Class Counsel to assess their claims.

**IT IS SO ORDERED.**

DATED: April 29, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court